IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTFUL DODGER, et al.,

        Plaintiffs,

  v.

OAKLAND FAMILY OUTLETS, et al.,

        Defendants.

                                    /

No. C 08-3159_CW

ORDER PROVIDING NOTICE TO PRO SE **DEFENDANT** OF REQUIREMENTS FOR OPPOSING MOTION FOR SUMMARY JUDGMENT

    Plaintiffs have informed the Court of their intention to file a summary judgment motion in this case.  If Plaintiffs choose to file the motion, they must do so by serving Defendant with a notice of the motion and a copy of the motion, indicating the time of the scheduled hearing on the motion.  They must do so at least 35 days before the date of the hearing.  Defendant's opposition, including any supporting documents, must be filed by 21 days before the date of the hearing.  Plaintiff's reply to Defendant's opposition, should they choose to file one, is due 14 days before the hearing.

    Rule 56 of Federal Rule of Civil Procedure governs summary judgment motions.  A summary judgment motion is a request for an order of judgment, <u>without a trial</u>, in favor of the party bringing the motion, Plaintiffs here.  In such a motion, the party moving for summary judgment presents the facts that are not disputed and argues that these facts entitle it to judgment as a matter of law. In other words, Plaintiffs will be arguing that there does not need to be a trial in the case against it because undisputed facts show

that they are entitled to a judgment in their favor.

The relevant parts of Rule 56 are as follows:

> (c) Motion and Proceedings Thereon. . . . the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
>
> . . . .
>
> (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. <u>If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party</u>.
>
> . . . .
>
> (g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Rule 56 (emphasis added).

Although the actual text of Rule 56, cited above, controls in

any dispute as to its interpretation, the Court provides the following brief explanation of Defendant's rights and obligations under the Rule:  If Defendant does not file an opposition supported by evidence, the Court may enter summary judgment in favor of Plaintiffs.  If Defendant does not contradict the Plaintiffs' evidence with evidence of his or her own, the Court might take Plaintiffs' evidence as true and enter judgment against Defendant.  Under Federal Rule of Civil Procedure 56(e), the following types of evidence may be submitted:

1. Statements made in the complaint <u>if</u> the complaint (a) was signed under penalty of perjury and (b) shows personal knowledge (i.e., "first-hand" or "non-hearsay" knowledge) of the matters stated;

2. Affidavits or declarations.  Any person signing an affidavit or declaration must have personal knowledge of the facts stated.  At the end of a declaration or affidavit, the document must state, "I declare under penalty of perjury that the foregoing is true and correct," and be signed by the individual who has the required personal knowledge.  <u>Any declarations or affidavits that are unsigned will not be considered</u>.

3. Copies of documents <u>so long as</u> they are submitted with proof that the records are what they purport to be.  Specifically, Defendant must declare under penalty of perjury that the documents are true and correct copies of the documents, and must specify how the documents were obtained; and

4. Transcripts of depositions, answers to interrogatories, or admissions obtained in this proceeding.

3

To defeat a summary judgment motion, Defendant must present evidence that, when viewed together with Plaintiffs' evidence, convinces the Court that his or her claims should go to trial.

If Defendant has a good reason why facts are not available to him or her at the time required to oppose the summary judgment motion, the Court <u>may</u> consider a request to postpone ruling on the motion.  To support such a request, Defendant must provide the Court and opposing counsel with an affidavit or declaration (signed under penalty of perjury) setting forth the reasons the facts are unavailable and indicating how those facts would support his or her claims.

Defendant is reminded that if he or she does not file and serve a written opposition with supporting documents or a request to postpone with a supporting affidavit or declaration, the Court may deem this failure to act to be consent to the granting of Plaintiffs' summary judgment motion.

This notice shall constitute the only such notice from the Court concerning the Plaintiffs' summary judgment motion.  The Court will not provide any further information regarding the interpretation of Federal Rule of Civil Procedure 56 and will not answer unsolicited questions about the applicable rules of procedure.

Dated: 11/18/08

CLAUDIA WILKEN
United States District Judge

g:\cwall\legalstd\pro-sesj.adv

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARTFUL DODGER, LLC et al,

      Plaintiff,

v.

OAKLAND FAMILY OUTLETS et al,

      Defendant.

Case Number: CV08-03159 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kil Cha Lee
9306 International Blvd
Oakland, CA 94603

Dated: November 20, 2008

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk

5